

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM EDWARD STEWART | DOCKET NO. 08-909; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JOE KEFFER, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by petitioner William Edward Stewart on or about June 23, 2008 [Doc. #1], and an amended petition filed on November 10, 2008 [Doc. #4]. Stewart is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana, where he is serving a sentence of 240 months. His sentence was imposed following conviction on a guilty plea to money laundering in the United States District Court for the Eastern District of Texas. [U.S. v. Stewart, No. 1:99-cr-0026 E.D. Tex.]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### STATEMENT OF THE CASE

The petition, its accompanying memorandum, the published jurisprudence, and documents on file in the United States District Court for the Eastern District of Texas establish the following relevant facts:

1.  On February 17, 1999, a federal grand jury in the Eastern District of Texas charged Petitioner with one count of conspiracy to defraud the government, four counts of wire fraud, and six counts of money laundering.

2.  On August 16, 1999, Petitioner pled guilty to count 6 of the indictment, which charged him with money laundering under 18 U.S.C. §1956. On March 10, 2000, a sentencing hearing was held. Petitioner was ultimately sentenced to 240 months imprisonment, five years of supervised release, and restitution in the amount of $1,429,302. [Doc. #4, p.2; also see U.S. v. Stewart, No. 1:99-cr-0026, at Doc. 185]

2.  Petitioner appealed his sentence. On May 17, 2001, the United States Fifth Circuit Court of Appeal affirmed the judgment of the district court. See U.S. v. Stewart, 254 F.3d 1081 (5th Cir. 2001). Petitioner did not file a writ application in the United States Supreme Court.

3.  On August 21, 2001, Petitioner filed a motion to vacate under 28 U.S.C. §2255 in the United States District Court for the Eastern District of Texas. Petitioner argued ineffective assistance of counsel (claiming that the attorney who represented him had a conflict of interest). [1:01-cv-0575 E.D. Tex., Docs. #1, 8] On December 17, 2003, his motion was denied. [1:01-cv-0575 E.D. Tex., Doc. #9] Petitioner's application for a Certificate of Appealability was denied on October 24, 2004. [1:01-cv-0575 E.D. Tex., Doc. #12 ]

4.  On or about January 12, 2006, Petitioner filed a motion to eliminate enhancements and reduce sentence. [U.S. v. Stewart, 1:99-cr-0026 E. D. Tex.; Doc. #218]. The motion was construed as a successive 2255 motion and was denied.

5.  Stewart's petition for writ of *habeas corpus,* pursuant to 28 U.S.C. §2241, was filed in this district on June 23, 2008, and Petitioner filed an amended petition in November 2008.

## LAW AND ANALYSIS

I. Jurisdiction And The "Savings Clause"

### A. *Jurisdiction*

Petitioner seeks relief through a petition for writ of habeas corpus pursuant to Title 28, United States Code, Section 2241

2

(Section 2241). To entertain a Section 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. United States v. Gabor, 905 F.2d 76, 78 (5 Cir. 1990). Therefore, petitions for writs of habeas corpus are submitted to the court where a petitioner is incarcerated. *Section 2241* provides a mechanism for attacking the manner in which a sentence is *executed*. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

A *motion to vacate, set aside or correct sentence* pursuant to Title 28, United States Code, *Section 2255* (Section 2255) is the primary mechanism for *collaterally attacking a federal conviction and sentence*. Id.; 28 U.S.C. § 2255(e). Relief under this section is warranted for errors that occurred at trial or sentencing. Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). A Section 2255 motion must be presented to, and can be entertained initially only by, the court that imposed the sentence. 28 U.S.C. §2255(a).

Petitioner does not challenge the manner in which his sentence is being executed; rather, he attempts to collaterally attack the *legality* of his money laundering conviction. A petition filed under Section 2241 that attacks errors at trial or sentencing is properly construed as a Section 2255 motion. Id. at 877-78. Section 2255(e) explicitly prohibits federal courts from entertaining applications for writs of habeas corpus on behalf of

3

prisoners who could seek relief from the court that imposed the sentence through a Section 2255 motion. Therefore, this Court cannot grant the relief sought *unless an exception discussed next applies*.

### B. The "Savings Clause"

The "savings clause" exception permits prisoners to use a Section 2241 application for writ of habeas corpus as a vehicle for collaterally attacking the conviction when it appears that the remedy through a Section 2255 motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. §2255(e). A petition for writ of habeas corpus pursuant to Section 2241 is no substitute for a Section 2255 motion, and the burden of showing inadequacy or ineffectiveness of a Section 2255 motion is on the petitioner. See Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful Section 2255 motion, or petitioner's inability to meet the AEDPA's "second or successive" requirement[1], does not make Section 2255 inadequate or ineffective. See Tolliver, 211 F.3d at 878.

The United States Court of Appeal for the Fifth Circuit has

---

[1]The Antiterrorism and 3 Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing requirements for bringing successive motions. As amended, Section 2255 prohibits consideration of a second or successive motion unless the motion is certified by the appropriate court of appeals to contain either: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

articulated the showing necessary to trigger Section 2255's savings clause. In Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), the Court held that "the savings clause of §2255 applies to a claim (i)that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii)that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id. at 904. Thus, three issues are presented:

- A. there must be a *Supreme Court decision with retroactive effect*;
- B. the Supreme Court decision must establish that the Section 2241 petitioner may have been convicted of a *nonexistent offense*; and
- C. the petitioner's claim must have been *precluded by established circuit law* at the time of petitioner's trial, appeal, or first Section 2255 motion.

Section 2241 petitioners must prove all three elements to successfully invoke the savings clause. See Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005).

## II. APPLICATION OF THE LAW

### A. *Retroactive Effect of Supreme Court case*

In his amended complaint [Doc. #4] Petitioner contends that he is eligible to utilize the savings clause of 2255 in light of the recent Supreme Court decision in U.S. v. Santos, ___ U.S. ___, 128 S.Ct. 2020 (2008). Petitioner claims that 2255 is inadequate or ineffective to test the legality of his current imprisonment, and he is actually innocent of the crime for which he is incarcerated.

5

[Doc. #4, p.4]

As noted above, in order for the savings clause to apply, there must first be a Supreme Court decision with retroactive effect. However, as discussed in Kenemore v. Roy, 2008 WL 4965948 (EDTX 2008)(Report & Recommendation of Magistrate Judge), no justice of the Supreme Court has declared that the case relied on by Petitioner, U.S. v. Santos, should be given retroactive effect. See id., citing Vaughan v. U.S., 2008 WL 2945449 (W.D. N.C. 2008). The district court in Kenemore concluded that, because of the narrow holding in Santos, the court "need not ponder retroactivity further." That is also the case in the present matter.

B. *Nonexistent Offense*

In Santos, five justices concluded that the term "proceeds" in the federal money laundering statute (18 U.S.C. §1956) means "profits" rather than "receipts." Courts applying Santos have varied in their interpretation of the Santos holding. Some courts have held that "proceeds" means "profits" in ALL money laundering cases.[2] Other cases, including a district court case within this circuit,[3] have concluded that the interpretation of "proceeds" as

---

[2] See U.S. v. Thompson, 2008 WL 2514090 at *2 (E.D. Tenn. June 19, 2008)(theft of government funds; court concluded that proceeds applies to all specified unlawful activities), U.S. v. Hedlund, 2008 WL 4183958 (N.D. Cal. Sept. 9, 2008)(money derived from drug trafficking; court found that proceeds means profits for all specified unlawful activities); U.S. v. Baker, 2008 WL 4054998 (E.D. Mich. Aug. 27, 2008)(rejecting argument that Santos applies only to illegal gambling cases).

[3] See Kenemore v. Roy, 2008 WL 4965948 (E.D. Tex. Nov. 17, 2008)(the Santos decision does not apply to cases other than those involving illegal gambling); "'In nearly all the district court cases [since Santos], judges

6

"profits" is limited to cases where the unlawful activity generating laundered money is an illegal gambling enterprise.

In the instant matter, the Court does not have the entire record to review, as Petitioner was not convicted in this district and his conviction dates back to 1999. However, it is clear from his amended complaint that Petitioner was charged with conspiracy to defraud the government, wire fraud, and money laundering, *not illegal gambling*. The undersigned takes the position of the Eastern District of Texas and finds that Petitioner's case does not fall within the narrow holding of Santos.

Additionally, as was noted in Kenemore, our governing circuit law did not prevent Petitioner from asserting a Santos type claim at the time of his conviction, appeal, or first 2255 motion, as the Fifth Circuit has never decided the "gross income" versus "net income" debate over the correct definition of "proceeds." Thus, Petitioner cannot satisfy the requirements of Reyes-Requena.

## CONCLUSION

In summary, Petitioner cannot satisfy the Reyes-Requena criteria for collaterally attacking the legality of his money laundering conviction in a Section 2241 petition for writ of habeas corpus under the savings clause of Section 2255. Thus, Stewart's

---

have either refused to apply the 'profits' reading to drug crimes or other charges beyond gambling - the subject of the *Santos* case - or have upheld convictions, finding that the money at issue constituted profits.'" Id., citing Pamela A. MacLean, Prosecutors Dealt a Setback, Drug Sale Laundering Charge Must Involve Profits, 31 Nat'l L.J., Sept. 22, 2008 at 3.

7

petition should be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 [Doc. #1] be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE