RECEIVED
NOV 29 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WILLIAM EDWARD STEWART | CIVIL DOCKET NO. 08-00909 |
|---|---|
| -vs- | JUDGE DRELL |
| JOE KEFFER, WARDEN | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Plaintiff's Petition for Writ of Habeas Corpus is DENIED and DISMISSED WITH PREJUDICE.

In so ruling we also have considered the content of Plaintiff's objections, specifically the argument that recent Supreme Court jurisprudence results in Plaintiff's having been convicted of a nonexistent offense. However, for the reasons described herein, we find Plaintiff's situation to be factually distinguishable from the case on which he relies.

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff demands that U.S. v. Santos, 553 U.S. 507 (2008) serves to free him from a 240 month sentence imposed for money laundering. (Doc. 33). Santos involved an illegal lottery as the underlying crime and included a conviction on conspiracy to launder

money in addition to actual money laundering. Id. at 509–10. The defendant in Santos used the money gained from the illegal lottery as payments to the winning betters and wages for his "employees." Id. at 510. The Supreme Court affirmed the defendant's post-conviction relief after finding that a "merger" problem existed because the Santos defendant could be charged with money laundering based on the same activity that constituted running the illegal lottery–namely, payment to bettors and those persons who aided him in running the lottery. Id. at 524. Accordingly, the Court defined "proceeds" in the money laundering statute to mean "profits" as opposed to "gross receipts," and affirmed post-conviction relief for the defendants. Id. The Court found such payments were merely expenses of the crime and therefore were not "profits." Id. at 517.

The Santos decision lacked a majority, thus "'the holding of the Court may be viewed as that position taken by those members who concurred in the judgment on the narrowest grounds.'" Garland v. Roy, 615 F.3d 391, 399 (5th Cir. 2010) (citing Marks v. U.S., 430 US 188, 193 (1977)). In Garland, The Fifth Circuit determined how to apply the Santos opinion:

> First, a court must determine whether, when "proceeds" are defined as "gross receipts" rather than "profits," the defendant would face the "merger problem." If so, then, consistent with the plurality's decision, the rule of lenity governs and "proceeds" must be defined as "profits"; and the court need not proceed to the second step of Justice Stevens' analysis. However, if, instead, there is no "merger problem," Justice Stevens' analysis, unlike the plurality, directs that a court must look to the legislative history of the money-laundering statute to determine how to define "proceeds." A court does so with the default presumption that "proceeds" should be defined as "gross receipts," unless the legislative history affirmatively supports interpreting "proceeds" to mean "profits."

Garland, 615 F.3d at 401 (citing Santos, 553 U.S. at 528, n.7 (Stevens, J., concurring)). As applied to the facts in Santos, defining "proceeds" as "gross receipts" resulted in the defendants facing the "merger" problem as described above. Santos, 553 U.S. at 515–16.

In comparison, Plaintiff in the current case pleaded guilty to a single count of money laundering with wire fraud as the underlying crime. Plaintiff pled guilty and was sentenced in the Eastern District of Texas, Beaumont Division, and the record from our sister court supports a finding that no merger problem existed even if "proceeds" are defined as "gross receipts." The activity underlying the money laundering charge was an isolated transfer of $315,000 on July 30, 1998 from the First Bank & Trust in Beaumont, TX to an Allied Investment Company account at Metro Bank in Houston, TX. E.D. Tex Doc. No. 1. The activities underlying the wire fraud charges were separate and distinct transactions which occurred prior to the money laundering transfer. Id. The money gained as a result of the wire fraud was deposited into the account at First Bank and Trust. The transaction which later moved this money to a different account did not involve defrauding investors–it simply moved the money that had already been obtained as a result of the wire fraud scheme. This is in contrast to Santos where the money was put back into the illegal lottery operation for its continued activity. Even if all the money gained from the wire fraud scheme–the "gross receipts"–had been transferred to the account at Metro Bank, Plaintiff still would not have incurred the "merger" problem because the activity was separate and distinct from the underlying crime.

3

As noted above, we adopt the Magistrate Judge's Report and Recommendation concerning the second step of the analysis regarding legislative history of "proceeds" in the money laundering statute. The <u>Santos</u> decision does not afford Plaintiff post-conviction relief. Accordingly, Plaintiff's Petition is DISMISSED WITH PREJUDICE.

Signed on this 29th day of November, 2011, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE